**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**TROY FREEMAN,**
                **Plaintiff,**

**-vs-**                                                        **Case No. 6:07-cv-1978-Orl-19KRS**

**WIRELESS RETAIL SERVICES, INC.,
JOHN CHIORANDO,**
                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANTS' OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT (Doc. No. 26)** |
| **FILED:** | **November 20, 2009** |

| | |
|---|---|
| **MOTION:** | **SUPPLEMENTAL MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANTS' OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT (Doc. No. 30)** |
| **FILED:** | **March 24, 2009** |

**I. INTRODUCTION.**

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In the present motion, Plaintiff Freeman represents that Defendants Wireless Retail Services, Inc., and John Chiorando made an offer of judgment pursuant to Fed. R. Civ. P. 68, and that he accepted the

offer. Doc. Nos. 26, 26-2 (offer), 26-3 (acceptance). On March 19, 2009, the Court issued an Order requesting additional information from Freeman as to why he accepted an offer of judgment that compromised his FLSA claim. Doc. No. 29. On March 24, 2009, Freeman filed his affidavit. Doc. No. 30.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount. An Offer of Judgment pursuant to Rule 68 does not absolve the Court of its duty to examine the fairness of a settlement and the reasonableness of fees and costs awarded to a plaintiff. *See Sierra v. Delta Quality Enters., Inc.*, No. 6:07-cv-1064-Orl-31KRS, Doc. No. 31 (M.D. Fla. Dec. 29, 2008).

## III. ANALYSIS.

Plaintiff Freeman averred in his answers to the Court's interrogatories that he was owed $6,192.00 in unpaid overtime compensation and an additional amount in liquidated damages, plus an additional $3,000.00 in unpaid commissions. Doc. No. 14. The Rule 68 offer of judgment is in the "total sum of two thousand dollars ($2,000.00), exclusive of fees and costs, which shall be either awarded by the Court or agreed upon by the parties." Doc. No. 26-2 at 1.

In his supplemental affidavit, Freeman avers that he decided to accept the offer due to a "possible inability to attend [his] deposition or mediation in the future," Doc. No. 30-2 ¶ 7, owing to his long work hours, and to "resolve this matter as soon as possible." *Id.* ¶ 9.

Both parties were represented by counsel. Freeman voluntarily accepted the offer of judgment. Therefore, the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

## III. RECOMMENDATION.

Accordingly, I respectfully recommend that the Court do the following:

1. **GRANT** the Motion for Entry of Judgment in Accordance with Defendants' Offer of Judgment and Plaintiff's Acceptance of Offer of Judgment (Doc. Nos. 26, 30);

2. **FIND** that the compensation Plaintiff will receive pursuant to Defendants' Offer of Judgment is a fair resolution of a bona fide dispute under the FLSA;

3. **DIRECT** the Clerk of Court to enter judgment in favor of Plaintiff as set forth in the Offer of Judgment;

4. **DIRECT** counsel for the parties to confer in a good faith effort to resolve the amount of reasonable costs, including attorney's fees, Plaintiff incurred in this case; and,

5. **PERMIT** the Plaintiff to file a Bill of Costs and motion for an award of attorney's fees within the time permitted by the rules of Court, if the parties are unable to agree on the amount of reasonable costs, including attorney's fees to be paid.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 25, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE